# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* X. WILLIS, Minor.

UNPUBLISHED
July 14, 2015

No. 325310
Calhoun Circuit Court
Family Division
LC No. 2013-002524-NA

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Respondent-father, C. Willis, appeals as of right the trial court's order terminating his parental rights to his minor son under MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist), (g) (lack of proper care and custody), and (j) (risk of harm to the child). We affirm.

## I. FACTS

The Department of Health and Human Services (the Department)[1] took protective custody of the child after his mother arrived at a domestic violence shelter while extremely intoxicated. The Department's petition alleged that Willis had an extensive history of domestic violence, substance abuse, and mental health issues. Willis pleaded no contest to the allegation that he was domestically violent when he attempted to pull the child out of his mother's arms. Willis also testified that he was not taking medication for his bipolar disorder. The trial court took jurisdiction over the child and ordered Willis to participate in a service plan that included domestic violence counseling, housing, substance abuse, and mental health components.

Willis initially made progress with his service plan, completing parenting classes and regularly visiting the child. In September 2013, Carla Smokorowski, the child's foster care caseworker, testified that the child had a strong bond with Willis. Dr. Randal Haugen completed Willis's psychological evaluation and recommended outpatient substance abuse treatment, random drug screens, and therapy. Willis agreed to participate in a substance abuse assessment and counseling.

---

[1] Formerly the Department of Human Services.

-1-

Throughout the pendency of the case, Willis did not attend substance abuse counseling, did not attend psychological counseling, did not provide the Department access to his medical records, did not consistently participate in parenting visits, and failed to test or tested positive on his drug screens. In June 2014, the Department informed Willis that it intended to change its goal to termination because he was not making progress.

After the June 2014 review hearing, the child's lawyer-guardian ad litem indicated that if Willis did not make progress in the next reporting period, she would petition the court to terminate his parental rights. Willis began, but did not complete, a substance abuse assessment. He failed to appear for six drug screens in July and August, and he did not appear for parenting visits six times in July and August. Amanda Stange, the child's caseworker, testified that the child's foster parent reported that the child suffered from sleeplessness and behavior issues when Willis missed parenting visits.

In September 2014, the child's mother reported that Willis repeatedly kicked her in the stomach and was verbally abusive. The child's mother also reported that Willis had previously urinated on her when she passed out. Willis continued to miss drug screens, substance abuse therapy sessions, and parenting time. Willis also failed to participate in a program that was intended to help him maintain a violence-free home.

In October 2014, the child's mother reported that Willis repeatedly threatened to kill her if his rights to the child were terminated. She also reported that Willis sexually penetrated her after she became intoxicated and passed out. Willis reported that the child's mother had attempted to stab him. The police were called after the child's mother and Willis had another altercation in October 2014.

The trial court held termination hearings in October and December 2014. The testimony at the hearings was consistent with the Department's reports to the court during the pendency of the case. The trial court found that the Department proved MCL 712A.19b(3)(c)(*i*), (g), and (j) by clear and convincing evidence. It also found that terminating Willis's parental rights was in the child's best interests. Willis now appeals.

## II. STANDARD OF REVIEW

This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination. MCR 3.977(K); *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). A finding is clearly erroneous when this Court is definitely and firmly convinced that the trial court made a mistake. *Id*. The Department has the burden to prove the existence of a statutory ground by clear and convincing evidence. MCL 712A.19b(3); *Mason*, 486 Mich at 166.

## III. ANALYSIS

Willis contends that the evidence did not support terminating his parental rights under MCL 712A.19b(3)(c)(*i*), (g), or (j). We disagree.

MCL 712A.19b(3)(c)(*i*) provides that the trial court may terminate a parent's rights if there is clear and convincing evidence that:

> [t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

This statutory ground exists when the conditions that brought the children into foster care continue to exist despite "time to make changes and the opportunity to take advantage of a variety of services." See *In re Powers Minors*, 244 Mich App 111, 119; 624 NW2d 472 (2000).

In this case, the Department alleged that Willis engaged in domestic violence with the child's mother. Willis pleaded no contest, and the trial court assumed jurisdiction over the child on this basis after hearing testimony. Despite opportunities to engage in counseling, Willis continued to be domestically violent toward the child's mother. We are not convinced that the trial court made a mistake when it found that the conditions that brought the child into care continued to exist and that Willis was not likely to rectify them within a reasonable time.

MCL 712A.19b(3)(g) provides that the trial court may terminate a parent's rights if

> [t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

MCL 712A.19b(3)(j) provides that the trial court may terminate parental rights if

> [t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The trial court may properly consider the parent's mental health and substance abuse conditions when determining the likelihood of harm to the child if returned to the parent's home. See *In re AH*, 245 Mich App 77, 87; 627 NW2d 33 (2001). A parent's failure to comply with his or her service plan is evidence that the parent will not be able to provide the child with proper care and custody and that the child may be harmed if returned to the parent's home. *In re White*, 303 Mich App 701, 710-711; 846 NW2d 61 (2014).

In this case, Willis had a history of mental illness and substance abuse. Willis also had inconsistent housing and engaged in a domestically violent relationship. The Department offered Willis services designed to address these issues. Willis inconsistently participated in services and continued to abuse substances and the child's mother until the termination hearing. Willis also missed parenting time sessions, which negatively affected the child's emotional wellbeing.

In a thorough and well-reasoned opinion, the trial court found that Willis's failure to attend parenting sessions "had a profound impact on this child," that Willis did not benefit from his service plan, and that Willis would not benefit from any additional time to attempt to do so. We are not definitely and firmly convinced that the trial court made a mistake when it found that Willis was unable to provide the child with proper care and custody and that it was likely the child would be harmed if returned to Willis's home.

Accordingly, we also reject Willis's best-interests argument. He contends that the trial court erred by making best-interests findings when statutory grounds did not support terminating his parental rights. As we have discussed, the trial court properly found the statutory grounds.

Finally, Willis contends that the trial court's termination of his parental rights violated his constitutional right to the care and custody of his child. We disagree.

Parents have a significant constitutional liberty interest in the care and custody of their children. *In re Miller*, 433 Mich 331, 346; 445 NW2d 161 (1989); *MLB v SLJ*, 519 US 102, 119; 117 S Ct 555; 136 L Ed 2d 473 (1996). This right entitles the parent to due process before the state may remove the parent's child from his or her custody. *In re Sanders*, 495 Mich 394, 403-422; 852 NW2d 524 (2014). But once the Department has established that a parent is unfit, the parent's rights yield to the State's interests in protecting the child. *Id*. at 409-410; *Stanley v Illinois*, 405 US 645, 652-653; 92 S Ct 1208; 31 L Ed 2d 551 (1972).

In this case, the trial court properly found that Willis is not a fit parent. His persistent pattern of domestic violence and substance abuse posed a danger to the child's well-being. In such circumstances, Willis's liberty interest in the care and custody of the child yields to the State's interests in protecting the child from the danger that he poses.

We affirm.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly